[Cite as *Jones v. Burgess*, 2011-Ohio-174.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| ANTHONY JONES, et al., | : | |
| | : | |
| Plaintiffs-Appellees, | : | Case No: 10CA3 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| GARY BURGESS, et al., | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendants-Appellants. | : | File-stamped date: 1-10-11 |

---

<u>APPEARANCES:</u>

Gary Burgess and Amber Vest, Hilliard, Ohio, pro-se, as Appellants.

Rhett A. Plank, Reynoldsburg, Ohio, for Appellees.

---

Kline, J.:

**{¶1}** The trial court below entered summary judgment in favor of plaintiffs Anthony and Michelle Jones ("Joneses") on their breach of lease claim. On appeal, Gary Burgess and Amber Vest ("Defendants") contend that the trial court erred in awarding summary judgment on liability and damages. Because we find that the judgment at issue is not a final appealable order, we dismiss this appeal for lack of jurisdiction.

I.

**{¶2}** This case concerns a lease agreement entered into between the Joneses as lessors and the Defendants as lessees. The parties executed the lease on June 14, 2005, to commence on August 1, 2005, and to expire on August 1, 2008.

{¶3}     On February 8, 2007, the Joneses filed a complaint in the Pickaway County Court of Common Pleas alleging that the Defendants had breached the lease agreement.  The Joneses alleged that the Defendants failed to make any payments on the lease after July of 2006.  The Joneses also alleged that, during the Defendants' tenancy, the Defendants substantially damaged the property.  Finally, the Joneses alleged that the Defendants were unjustly enriched because they failed to pay a water bill and the Joneses remained responsible for the bill as the property owners.  Based on these claims, the Joneses demanded unpaid rent in the amount of $1,200.00 per month from after July of 2006; an additional monthly charge of $19.35 per month for condo fees and taxes; a total of $23,828 for various repairs; $412.32 for the delinquent water bill; and "[a]ttorney's fees, costs, statutory interest, and any other further relief that this Court deems proper."

{¶4}     The Defendants filed an answer that claims that the Joneses refused the offered August payment and seized possession of the property by changing the locks. The Defendants' answer appears to admit that some damages for property repairs may be justified.  But in a separate section, the answer denies all allegations related to property damages and the water bill.  Finally, the answer includes a counterclaim demanding punitive damages from the Joneses.  The basis for the counterclaim is unclear.  The Joneses filed an answer to the counterclaim denying liability.

{¶5}     On May 27, 2007, the Joneses sent a set of interrogatories, requests for production, and requests for admission to each of the Defendants.  The Defendants never responded.  On September 17, 2007, the Joneses moved for summary judgment under Civ.R. 56.  The motion relied in no small part on the fact that the Defendants

failed to respond to the Joneses' discovery requests.  The Defendants filed no response to the motion for summary judgment, and the trial court entered judgment for the Joneses on November 6, 2007.  The judgment granted relief to the Joneses, resulting in a judgment of $53,040.32 against the Defendants.  The court further dismissed the Defendants' counterclaim.

{¶6}    The Defendants appealed, but this court found that the entry of summary judgment did not constitute a final appealable order because the judgment failed to resolve the Joneses' claim for attorney's fees.  *Jones v. Burgess*, Pickaway App. No. 07CA37, 2008-Ohio-6698, at ¶15.

{¶7}    On remand, the Joneses filed a motion to dismiss their claim for attorney's fees.  The trial court granted that motion on August 31, 2009.  On January 1, 2010, the Defendants again sought to appeal the judgment of the trial court.  Generally, "[a] party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."  App.R. 4(A).  The trial court's judgment apparently ordered the clerk to serve the Defendants at their present address.  But notwithstanding this order, the clerk served an address on file that was no longer accurate.  On March 23, 2010, this Court determined that the Defendants were not properly served with the judgment and the time for filing the notice of appeal did not run.  Accordingly, we concluded that their notice of appeal was timely.  As such, the Defendants' appeal is again before this court.

{¶8} The Defendants raise the following assignments of error for our review: I. "The trial court erred to the prejudice of Appellants when it determined Appellants breached the Lease Purchase Agreement, such determination was contradictory to the evidence in the records, and the trial court's discretion did not meet the requirements of [Civ.R. 56(C).]" And, II. "The trial court erred to the prejudice of Appellants when it awarded monetary Damages to Appellees, such determination by the trial court was not supported by evidence in the record, and the trial court's discretion did not meet the requirements set forth by [Civ.R. 56(C).]"

II.

{¶9} Before we consider the merits of the Defendants' appeal, we must first address a jurisdictional question. In addition to the relief claimed in their motion for summary judgment, the Joneses' complaint also claimed an additional charge of $19.35 per month because of increased condo fees and taxes. The Joneses' complaint also claimed that the Defendants owed them rent for August of 2006, but neglected to claim rent for that month in their motion for summary judgment.

{¶10} "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, Ross App. No. 02CA2683, 2003-Ohio-2586, at ¶2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. "If an order is not final and appealable, then we have no jurisdiction to review the matter." *Saunders v. Grim*, Vinton App. Nos. 08CA668 & 08CA669, 2009-Ohio-1900, at ¶5. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Caplinger* at ¶2, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio

St.3d 86, syllabus; *Whitaker-Merrell Co. v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186.

**{¶11}** "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306. "An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable." *Oakley v. Citizens Bank of Logan*, Athens App. No. 04CA25, 2004-Ohio-6824, at ¶9, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, syllabus. Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

**{¶12}** Here, the summary judgment motion, even after the Joneses dismissed their claim for attorney's fees, did not dispose of all claims. But unlike the first order on summary judgment in this case, the present one includes an express finding from the lower court that "[t]here is no just cause for delay." This finding, under Civ.R. 54(B), is akin to a factual finding. See *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 1993-Ohio-120. "In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings." Id.

**{¶13}** "'While this is a very deferential standard, and appellate courts are reluctant to strike such a certification, the trial court's use of the 'magic language' of Civ.R. 54(B) does not, by itself, convert a final order into a final appealable order.'" *Bell v. Turner*, Highland App. Nos. 09CA20 & 09CA21, 2010-Ohio-4506, at ¶11, quoting *Oakley* at ¶11. In the present case, the judgment of the trial court resolves most of the Joneses' claim for unpaid rent, but leaves unresolved the $19.35 per month surcharge included in the complaint.[1]  The complaint plainly includes the $19.35 surcharge as damages in the claim for breach of contract.  And, notwithstanding the trial court's Civ.R. 54(B) language, we find the order in the present case is not a final appealable order because it only partially resolves the claim of unpaid rent rather than disposing of the entire claim.

**{¶14}** "Judgments that determine liability, but defer the issue of damages for later adjudication, are neither final nor appealable because damages are part of a claim rather than a separate claim in and of themselves." *Evans v. Rock Hill Local School Dist. Bd. of Edn.*, Lawrence App. No. 04CA39, 2005-Ohio-5318, at ¶15 (citations omitted).  A judgment that only partially resolves a claim is not a final appealable order even if the trial court has included a finding of no just cause for delay under Civ.R. 54(B).  Id. at ¶16-17.

**{¶15}** Arguably, the order may have been final and appealable in regard to the claims for property damage and the unpaid water bill.  But because the order includes,

---

[1] We note that there is at least one serious issue regarding the unpaid rent.  In their motion for summary judgment, the Joneses did not request summary judgment on the rent owed for August of 2006. However, the Joneses did move for summary judgment on 24 months of unpaid rent from September of 2006 on.  The problem is that the lease, by its own terms, terminated on August 1 of 2008, 23 months following September of 2006.  Notwithstanding the fact that the Joneses received 24 months of unpaid rent as damages, their claim for unpaid rent of August of 2006 remains an unresolved issue.  We need not determine whether this issue would, by itself, render the order not a final appealable order because we find that the issue of the $19.35 surcharge is dispositive.

and only partially resolves, the unpaid rent claim, we find that the interest of sound judicial administration does not support our consideration of those issues at this time. See *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, at ¶10 (finding that because the claims and counterclaims all touch on the same facts a judgment must resolve all claims before judicial economy would be served by considering the appeal).  Here, we find that the claims for damages and the unpaid water bill touch on some of the same facts raised in the Joneses' claim for breach of contract.

**{¶16}**      Having found that the order at issue is not a final appealable order, we conclude that we lack jurisdiction over the present appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and appellants pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Concurs in Judgment Only.

For the Court

BY:  _____
     Roger L.  Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No.  14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**