McFarland, J.
{¶ 1} Appellants, John Wharton and University Off Campus Housing, appeal from a judgment issued by the Athens County Municipal Court granting judgment in favor of Appellees, Catherine Ibold, Halle Simonetti, and Alexandra *103 Dighero, in the amount of $3,264.00. On appeal, Appellants contend that 1) the trial court committed reversible error by granting Appellees' motion to reconsider judgment after granting judgment pursuant to the hearing on the merits; 2) the trial court committed reversible error by reversing its own judgment and ignoring the local rules regarding the preparation and filing of judgment entries; 3) the trial court committed reversible error by granting judgment that ignored proper motion procedure for filing of motions; 4) the trial court committed reversible error by improperly applying the doctrine of stare decisis; and 5) the trial court committed reversible error by finding judgment against Appellants with respect to plaintiffs who had been dismissed with prejudice prior to the hearing on the merits.
{¶ 2} Because the entry appealed from does not constitute a final appealable order, we lack jurisdiction to review the merits of this appeal. Accordingly, the appeal is dismissed.
FACTS
{¶ 3} Appellants, John Wharton and University Off Campus Housing, are the owners of residential property located at 82 ½ N. Court Street, Athens, Ohio. The premises was rented by Appellees, Catherine Ibold, Halle Simonetti, Alexandra Dighero, as well as three others who were previously dismissed with prejudice from this litigation, Hanna Hrach, Alyson Rowe and Sarah Leach. According to the written lease, the lease term began May 11, 2014, and ended May 2, 2015. On February 4, 2016, Appellees, along with Hanna Hrach, Alyson Rowe and Sarah Leach, filed a complaint in the Small Claims Division of Athens County Municipal Court alleging wrongful withholding of a security deposit by the landlord, in the amount of $1,632.00 for non-discounted rent, $329.00 for cleaning and $242.00 for damages. Without going into details that are not pertinent to our disposition of this matter on appeal, the litigation involved a discounted rent provision in the lease which provided that the six tenants were entitled to discounted rent for each installment if they paid in full on or before the third day of April, August and December during the lease term. A problem arose when Catherine Ibold did not pay her August rent installment until August 4, 2014, which prompted a disqualification of rent letter to be sent to the tenants advising them they owed an additional $1.632.00 by August 20, 2014. The case was subsequently transferred to the Civil Court docket of the Athens Municipal Court. The litigation proceeded through discovery, with original plaintiffs, Hanna Hrach, Alyson Rowe and Sarah Leach being dismissed with prejudice at their request prior to a bench trial.
{¶ 4} After hearing the evidence and testimony presented, the trial court orally ruled, on the record in open court, in favor of Appellants on December 1, 2016. Appellees filed a motion for reconsideration on December 2, 2016, referencing a decision of the court issued twelve years prior which involved John Wharton. Appellants filed a memorandum in opposition to Appellees' motion for reconsideration on December 8, 2016. Later in the day on December 8, 2016, the trial court issued a decision and journal entry vacating its prior verbal order and granting judgment in favor of Appellees. Appellants thereafter filed a motion for reconsideration, to which Appellees objected and the trial court denied. It is from the trial court's December 8, 2016, written order that Appellants now bring their appeal, setting forth five assignments of error for our review.
ASSIGNMENTS OF ERROR
"I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY
*104 GRANTING PLAINTIFFS/APPELLEES' MOTION TO RECONSIDER JUDGMENT AFTER GRANTING JUDGMENT PURSUANT TO THE HEARING ON THE MERITS.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REVERSING ITS OWN JUDGMENT AND IGNORING THE LOCAL RULES REGARDING THE PREPARATION AND FILING OF JUDGMENT ENTRIES.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING JUDGMENT THAT IGNORED PROPER MOTION PROCEDURE FOR FILING OF MOTIONS.
IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY APPLYING THE DOCTRINE OF STARE DECISIS.
V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING JUDGMENT AGAINST DEFENDANT/APPELLANTS WITH RESPECT TO PLAINTIFFS WHO HAD BEEN DISMISSED WITH PREJUDICE PRIOR TO THE HEARING ON THE MERITS."
ASSIGNMENT OF ERROR I
{¶ 5} In their first assignment of error, Appellants contend that the trial court committed reversible error by granting Appellees' motion to reconsider judgment after granting judgment pursuant to the hearing on the merits. Appellants essentially argue that the trial court's oral pronouncement of judgment in their favor at the conclusion of the bench trial constituted a final appealable order and that, as such, Appellees' subsequently-filed motion for reconsideration was a nullity because motions for reconsideration are not provided for by the Rules of Civil Procedure. Appellees respond by arguing that the trial court's oral pronouncement of judgment was not a final order and that the trial court had jurisdiction to consider the motion for reconsideration before a final judgment had been entered. Based upon the following, we agree with Appellees.
{¶ 6} In Pitts v. Ohio Department of Transportation , 67 Ohio St.2d 378, 423 N.E.2d 1105, paragraph one of the syllabus (1981), the Supreme Court of Ohio held that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." As such, Pitts reasoned that "[i]nterpretations of the Rules of Civil Procedure and practical considerations warrant our determination that motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379, 423 N.E.2d 1105. The Court further explained in Pitts as follows: "[s]uccinctly stated, the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules." Id. at 380, 423 N.E.2d 1105 ; see also Napier v. Napier , 182 Ohio App.3d 672, 2009-Ohio-3111, 914 N.E.2d 1069, ¶ 7 (4th Dist.) ("* * * after a trial court issues a final, appealable order, a motion for reconsideration of that final order is a nullity, and any judgment entered on such a motion is also nullity.") (internal citations omitted).
{¶ 7} Appellants contend that the trial court's oral pronouncement of judgment in their favor at the conclusion of the bench trial constituted a final appealable order, and that the trial court erred in considering and granting Appellees' motion for reconsideration, which should have been considered a nullity. Appellees do not dispute that there is no provision under the Civil Rules for the filing of motions for reconsideration after the issuance of final orders.
*105 However, Appellees argue that the trial court's oral pronouncement of judgment did not constitute a final order. We agree.
{¶ 8} As explained by the Second District Court of Appeals in Fiore v. Larger , 2nd Dist. Montgomery Nos. 05-CV-6054, 2009-Ohio-5408, 2009 WL 3246710, ¶ 35 :
" 'The Civil Rules distinguish [a] "decision," which is the court's oral or written ruling on the issues before it, from [a] "judgment," which is the written final determination of those issues signed by the court and entered upon its journal.' Shah v. Cardiology South, Inc. , 2nd Dist. [Montgomery] No. 20440, 2005-Ohio-211 [2005 WL 120062], ¶ 12. It is well established that a court speaks only through its journal and not by oral pronouncement. Schenley v. Kauth (1953), 160 Ohio St. 109, 111, 113 N.E.2d 625."
The Fiore court held that the court's oral pronouncement did not constitute a final order, reasoning that because the oral pronouncement represented a decision that was not journalized, rather than a judgment, "the Fiores were entitled to move for reconsideration prior to the court's entry of final judgment." Id. Similarly, in State v. Fought , 6th Dist. Lucas No. L-10-1348, 2011-Ohio-4047, 2011 WL 3568481, ¶ 13, albeit in a criminal context, the Sixth District Court of Appeals noted that "oral pronouncements by a trial court judge are subject to revision before journalization[,]" reasoning that "[a] court speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Citing State ex. rel. Marshall v. Glavas , 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5 ; see also State v. Percy , 8th Dist. Cuyahoga No. 84202, 2004-Ohio-5870, 2004 WL 2495670, ¶ 4 (because a court speaks through its journal entry "[a] pronouncement of sentence, therefore, does not become the official action of the court unless and until it is entered upon the court's journal."); citing State ex rel. Hansen v. Reed , 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).
{¶ 9} In light of the foregoing, we reject Appellants' contention that the trial court's oral pronouncement of judgment in their favor at the conclusion of the bench trial constituted a final appealable order. As such, the trial court had jurisdiction to modify its oral pronouncement, either upon motion or sua sponte, any time prior to the journalization of its written judgment entry. However, before moving on to the merits of Appellant's remaining assignments of error, we must address a threshold jurisdictional issue related to the trial court's written order that is intertwined with this assignment of error.
{¶ 10} As this Court recently observed in State v. Campbell , 4th Dist. Adams No. 16CA1029, 2017-Ohio-4252, 2017 WL 2555404, ¶ 6 :
"Under Section 3(B)(2), Article IV of the Ohio Constitution, courts of appeals have 'such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.' R.C. 2505.03(A) similarly limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Eddie v. Saunders , 4th Dist. Gallia No. 07CA7, 2008-Ohio-4755 [2008 WL 4278039], ¶ 11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. State v. Locke , 4th Dist. Scioto No. 11CA3409, 2011-Ohio-5596 [2011 WL 5143296], ¶ 4."
*106 Thus, " ' "[a]n appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." ' " Robinette v. Bryant , 4th Dist. Lawrence No. 16CA21, 2016-Ohio-5956, 2016 WL 5375416, ¶ 11 ; quoting State v. Anderson , 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28 ; quoting Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow , 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. As explained in Robinette , "[a]n order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. Id. ; citing Chef Italiano Corp. v. Kent State Univ. , 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; Pinkerton v. Salyers , 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, 2015 WL 459267, ¶ 20.
{¶ 11} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. , 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell , 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus (1989). However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs, Inc. , 80 Ohio App.3d 756, 758, 610 N.E.2d 613 (1992). Further, a judgment contemplating further action by the court is not a final appealable order. Nationwide Assur. Inc, v. Thompson , 4th Dist. Scioto No. 04CA2960, 2005-Ohio-2339, 2005 WL 1120277, ¶ 8 ; citing Bell v. Horton , 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (2001).
{¶ 12} As this court previously noted in Fagan v. Boggs , 4th Dist. Washington No. 08CA45, 2009-Ohio-6601, 2009 WL 4827523, ¶ 11, the Supreme Court of Ohio has held that " '[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order.' " Internatl. Bhd. Of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C. , 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus. This Court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. Eagles Foe Aerie 2232 , 4th Dist. Adams No. 99CA678, 2000 WL 203857 (Feb. 15, 2000) ; citing Horner v. Toledo Hospital , 94 Ohio App.3d 282, 640 N.E.2d 857 (6th Dist.1993).
{¶ 13} Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See Britton v. Gibbs Assoc. , 4th Dist. Highland No. 06CA34, 2008-Ohio-210, 2008 WL 187530, ¶ 12 ; In re Sites , 4th Dist. Lawrence No. 05CA39, 2006-Ohio-3787, 2006 WL 2045814, ¶ 16 ; see also Miller v. First International Fidelity & Trust Building, Ltd. , 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, ¶ 36. In *107 Jones v. McAlarney Pools, Spas & Billiards, Inc. , 4th Dist. Washington No. 07CA34, 2008-Ohio-1365, 2008 WL 757522, ¶ 11, this Court interpreted the syllabus in Vaughn "in light of its underlying facts" and applied the "broad syllabus language" only to those instances where attorney fees are requested pursuant to a "specific statutory or rule authority[.]" See also Jones v. Burgess , 4th Dist. Pickaway No. 07CA37, 2008-Ohio-6698, 2008 WL 5265674, ¶ 12. Absent an attorney fee request under specific authority, appellate courts should "treat the fee request as having been overruled sub silento" when not specifically disposed of in the trial court's order. Id. Further, we have historically dismissed appeals for lack of a final, appealable order when a trial court specifically 1) raises the attorney issue and defers its adjudication, or 2) awards attorney fees and defers the determination of the amount of fees. Jones v. McAlarney at ¶ 10 (citations omitted).
{¶ 14} Here, Appellees not only requested an award of attorney fees in their prayer for relief, they specifically sought an award of attorney fees as part of their claim, alleging they were entitled to an award of reasonable attorney fees pursuant to R.C. 5321.16 (C). R.C. 5321.16 titled "Security deposits; interest; forfeiture; procedures" provides as follows in section (C):
"If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."
Thus, the claim for reasonable attorney fees herein was pursuant to a specific statute and not merely a pro forma request contained in the prayer for relief.
{¶ 15} A review of the record and particularly the journalized entry reveals that the trial court did not fully dispose of the claim for reasonable attorney fees. It appears the failure to dispose of this claim occurred as a result, at least in part, of the unusual manner in which the trial court disposed of the case. As set forth above, at the conclusion of the bench trial on the merits, the trial court decided in favor of Appellants and made an oral pronouncement on the record. Because the trial court decided in favor of Appellants, additional testimony and evidence regarding Appellees' attorney fee claim was not offered at that time. However, because the trial court ultimately changed its disposition of the matter and a written judgment entry was subsequently journalized in favor of Appellees, the attorney fee claim became pertinent. The trial court's December 8, 2016, "Decision and Journal Entry" stated as follows, in relevant part:
"Judgment is granted in favor of plaintiffs in the amount of $3,264 ($1,632 for withheld portion of security deposit with mandatory double damages). Plaintiffs' requested attorney fees as the rate of $150/hour, but did not present evidence of counsel's time spent on the case, thus the Court cannot grant attorney fees at this time. "
Thus, the trial court did not dismiss or deny Appellees' claim for reasonable attorney fees, it merely stated it could not grant the claim "at this time." We conclude the procedural history of this case, coupled with the trial court's use of the phrase "at this time," indicates the trial court anticipated future action. See Robinette v. Bryant, supra , at ¶ 18 ("The trial court neither granted nor denied Robinette's motion. Instead, it deferred the matter for later resolution pending Robinette's provision of supporting authority for the award. By not deciding the merits of the motion, the trial court failed to enter a final appealable order as defined by R.C. 2505.02.") (internal citations omitted). We conclude that our reasoning is bolstered by the fact the trial court titled its entry a *108 "Decision and Judgment Entry" and did not indicate anywhere in the document that the entry was a final appealable order, nor did it include Civ.R. 54(B) language.
{¶ 16} Because the trial court's order specifically raised, but failed to fully determine the issue of damages, specifically attorney fees which were requested in Appellants' initial complaint, the judgment clearly contemplated further action by the court and therefore is not a final appealable order. Fagan v. Boggs at ¶ 14 ; citing Nationwide Assur. Inc, v. Thompson at ¶ 8 ; citing Bell v. Horton at 696, 756 N.E.2d 1241. We note, incidentally, that the trial court's entry also did not assess court costs. Accordingly, we dismiss this appeal because we lack of jurisdiction to consider it.
APPEAL DISMISSED.
Harsha, J.: Concurs with Concurring Opinion.
Hoover, J.: Concurs in Judgment Only.