[Cite as *Chilli Assocs., Ltd. v. Denti Restaurants, Inc.*, 2022-Ohio-848.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Chilli Associates Limited Partnership, | : | Case No. 21CA3743 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Denti Restaurants Inc., DBA Max & Erma's, et al., | : | |
| | : | **RELEASED 3/8/2022** |
| Defendants-Appellants. | | |

_____
<u>APPEARANCES</u>:

James A. Coutinho and Tom Shafirstein, Allen Stovall Neuman & Ashton LLP, Columbus, Ohio, for appellant Denti Restaurants Inc., DBA Max & Erma's.

Patricia J. Friesinger and Zachary B. White, Coolidge Wall Co., L.P.A., Dayton, Ohio, for appellee.
_____
Hess, J.

**{¶1}** Denti Restaurants Inc., DBA Max & Erma's ("Denti"), appeals from an entry of the Ross County Court of Common Pleas granting Chilli Associates Limited Partnership ("Chilli") summary judgment in an action concerning a ground lease. Denti challenges the portion of the entry regarding Counts I and III of Chilli's complaint. However, the entry is not a final appealable order as to those counts. They set forth a single claim for breach of contract which the court has not fully resolved because it deferred for later adjudication the amount of Chilli's damages for costs, expenses, and attorney fees. Accordingly, we lack jurisdiction to consider the merits of the appeal and dismiss it.

## I.  PROCEDURAL HISTORY

{¶2}    In 2019, Chilli filed a three-count complaint against Denti; Advant Mortgage, LLC ("Advant"); ADVMTG II, LLC ("ADVMTG"); Community Capital Development Corporation ("CCDC"); and the U.S. Small Business Administration ("SBA"). The complaint alleged that in 2003, Chilli and Denti entered into a written ground lease in which Chilli agreed to lease certain real property to Denti.  Denti encumbered its leasehold estate with a mortgage held by Advant (later assigned to ADVMTG II), and a mortgage held by CCDC (later assigned to SBA).  In August 2017, Denti stopped paying rent.  In March 2018, Chilli filed a forcible entry and detainer action in Chillicothe Municipal Court. Around May 2018, Denti vacated the property and returned possession to Chilli, and the parties filed a Stipulation of Restitution and Dismissal in the municipal court.  In March 2019, a new tenant took possession of the property.

{¶3}    Count I of the complaint was titled "breach of contract/collection of rents."  It alleged Denti materially breached the lease by "failing to pay rent, real estate taxes, interest, costs, and all other charges and expenses due and owing" under the lease. Count I alleged that Chilli suffered damages due to the breach and that Denti was liable to it for $144,299.48 for unpaid rent, real estate taxes, interest, and an administrative fee. Count I further alleged that Denti was liable for "all charges, costs, expenses, and attorney's fees incurred by Plaintiff in mitigating its losses and enforcing its rights under the Ground Lease as a result of Denti Inc.'s material breach thereof."  The prayer for relief requested judgment against Denti on Count I for "$144,299.48, plus all costs, expenses, and attorney's fees incurred by Plaintiff in enforcing its rights under the Ground Lease[.]"

**{¶4}** Count II was titled "declaratory judgment." It alleged that Denti materially breached the lease and that the parties disputed whether encumbrances related to the lease terminated as a result of termination of the lease. Count II requested an order declaring that the lease terminated as a matter of law, that all encumbrances related to the lease terminated as a matter of law, that the defendants had no right, title or interest in or to the property, and that Chilli holds title to the property in fee, free and clear of any claims or interests of the defendants. The prayer for relief regarding Count II made a similar request.

**{¶5}** Count III was titled "action for costs, expenses, and attorney's fees." That count alleged Denti materially breached the lease and was liable under Article 15.1(C) of the lease for "all costs, expenses, and attorney's fees" Chilli incurred "in enforcing its rights under the Ground Lease as a result of a material breach thereof." Article 15.1 addresses default by Denti and re-entry by Chilli, and Article 15.1(C) states that "[n]otwithstanding such re-entry by Landlord, Tenant shall remain liable for * * * all costs, expenses, and attorney fees to enforce this Lease." Count III also alleged that Denti was liable for "all prior and future costs, expenses, and attorney's fees incurred by Plaintiff in mitigating its losses and enforcing its rights under the Ground Lease in an amount to be established a[t] trial, but which is expected to exceed $25,000.00." The prayer for relief requested judgment against Denti on Count III for these costs, expenses and attorney fees.

**{¶6}** Denti and SBA filed answers. Chilli moved for default judgment against Advant, ADVMTG, and CCDC, due to their failure to plead or otherwise defend against the action. The trial court granted the motions.

{¶7}   Chilli moved for summary judgment against Denti on "all claims" in the complaint.  Relevant here, with respect to Count I, Chilli claimed it sustained damages due to Denti's breach of contract, citing averments of a representative of Chilli. The representative averred that Denti owed Chilli "at least $144,299.48" for "unpaid rent, real estate taxes, interest, and administrative fees due under the Ground Lease" and that Chilli incurred "additional fees, costs, and expenses to market the Property and find a suitable tenant."  He also averred that Chilli had "incurred substantial fees (including legal fees), costs, and expenses to enforce its rights under the Ground Lease, both in the Chillicothe eviction case" and this case, which would "continue to accrue until the completion" of this case.  With respect to Count III, Chilli asserted that under Article 15.1(C) of the ground lease, it was entitled to all of its costs, expenses, and attorney fees incurred in enforcing its rights under the lease and pursuing the municipal court action and this action.  Chilli requested "a hearing to establish the amount of its damages, costs, expenses, and attorney's fees compensable in accordance with Counts I and III * * *."  Chilli also requested summary judgment against SBA, the only other remaining defendant, on Count II.  Denti filed a memorandum contra; SBA did not.

{¶8}   The trial court issued an entry granting Chilli summary judgment on all counts. With respect to Count I, the court granted Chilli judgment against Denti for $144,299.48, i.e., the amount Chilli had alleged was owed for unpaid rent, real estate taxes, interest, and an administrative fee.  With respect to Count II, the court declared, among other things, that Chilli held title to the property at issue "in fee, free and clear of all adverse claims or interests by the Defendants."  On Count III, the court granted Chilli judgment against Denti and awarded Chilli its "costs, expenses, and attorney's fees

incurred mitigating its losses and enforcing its rights under the Ground Lease, in an amount to be established at a damages hearing which will be set by further order of this Court."  The entry further stated:

> **AS TO COUNTS I AND II, THIS DECISION, ORDER, AND ENTRY IS A FINAL JUDGMENT AND FINAL APPEALABLE ORDER PURSUANT TO R.C. 2505.02(B) AND CIV.R. 54(B).  THERE IS NOT JUST CAUSE FOR DELAY.**
>
> **AS TO COUNT III, THE COURT WILL SCHEDULE A DAMAGES HEARING WHEREAT PLAINTIFF SHALL SUBMIT EVIDENCE OF ITS DAMAGES, IN EXCESS OF THE $144,299.48 AWARDED ON COUNT I, INCLUDING BUT NOT LIMITED TO PLAINTIFF'S COSTS, EXPENSES, AND ATTORNEY'S FEES INCURRED MITIGATING ITS LOSSES AND ENFORCING ITS RIGHTS UNDER THE GROUND LEASE.  UPON THE CONCLUSION OF THAT DAMAGES HEARING, THE COURT WILL ENTER A FINAL JUDGMENT AND APPEALABLE ORDER ON COUNT III.**

This appeal followed.

## II.  ASSIGNMENT OF ERROR

**{¶9}**    Denti presents one assignment of error:  "The Trial Court erred in entering the *Decision, Order, and Entry*: (1) Granting in Full Plaintiff's Motion for Summary Judgment on All Counts; (2) Issuing Declaratory Relief in Favor of Plaintiff and Against All Defendants on February 23, 2021."  Despite the broad language of the assignment of error, Denti's appeal challenges only the portion of the summary judgment entry regarding Counts I and III of the complaint.  Therefore, our analysis will focus on those counts.

## III.  JURISDICTION

**{¶10}**    Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2).  "If a court's order is not final and appealable, we have no jurisdiction to review the matter

and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record in this case revealed a jurisdictional issue, and we ordered the parties to file supplemental briefs regarding it.

## A. Positions of the Parties

**{¶11}** In its supplemental brief, Denti maintains that the summary judgment entry is a final appealable order under R.C. 2505.02 and Civ.R. 54(B). Denti acknowledges the trial court awarded Chilli costs, expenses, and attorney fees but has not yet determined the amount of the them. Denti also acknowledges this court has held that a determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, not a claim in and of themselves. However, Denti asserts that the orders in those cases did not include Civ.R. 54(B) language and that the summary judgment entry in this case did, so it is a final appealable order. Denti claims *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187 ("*Vaughn*"); *Niehaus v. Columbus Maennerchor*, 10th Dist. Franklin No. 07AP-1024, 2008-Ohio-4067; and *Kierland Crossing, L.L.C. v. Ruth's Chris Steak House, Inc.*, 10th Dist. Franklin No. 11AP-627, 2011-Ohio-5626, support its position.

**{¶12}** Chilli maintains that the trial court issued a final appealable order on Count I but not Count III. Chilli cites *Vaughn*; *Ibold v. Wharton*, 2017-Ohio-9388, 103 N.E.3d 101 (4th Dist.); and *Green v. Germain Ford of Columbus, LLC*, 10th Dist. Franklin No. 08AP-920, 2009-Ohio-5020, in support of its position.

### B. Requirements for a Final, Appealable Order

{¶13} Generally, an order must meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" " 'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 8, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶14} "Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order." *Clifton*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, at ¶ 10. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "If claims are factually separate and independent, multiple claims are clearly present." *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 86, 661 N.E.2d 728 (1996) ("*Wright*"). "Two legal theories that require proof of substantially different facts are considered separate claims for purposes of Civ.R. 54(B)." *Id.*

**{¶15}** "Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Clifton* at ¶ 10. The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * *, as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

## C. Summary of *Vaughn*

**{¶16}** In *Vaughn*, a union filed a complaint against a business alleging an intentional violation of the Ohio Prevailing Wage Law. *Vaughn*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 3. In its answer, the business denied the allegation and requested attorney fees and costs incurred defending the action under R.C. 4115.16 and sanctions against the union under Civ.R. 11. *Id.* at ¶ 3, 9. However, in summary judgment briefing, the business did not request attorney fees. *Id.* at ¶ 4. The trial court granted the business summary judgment on the union's claims and ordered the union to pay costs of the proceedings. *Id.* at ¶ 4. Subsequently, the business moved for attorney fees and costs pursuant to R.C. 4115.16(D) and/or Civ.R. 11 and R.C. 2323.51. *Id.* at ¶ 5.

**{¶17}** The union appealed the summary judgment order, and the Sixth District Court of Appeals dismissed the appeal as premature. *Id.* at ¶ 6. The Sixth District held that " 'where attorney fees are requested in the original pleadings, a judgment that disposes of all the claims between all the parties, except for the attorney fee claim, is not

final and appealable without Civ.R. 54(B) no just reason for delay language and a party may file a motion for attorney fees after that judgment has been entered.' "  *Id.* at ¶ 6, quoting *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, Inc.,* 6th Dist. Wood No. WD-06-061, 2006-Ohio-5280, ¶ 18.  The Sixth District found its judgment was in conflict with judgments of the Ninth District and certified the case to the Supreme Court of Ohio for review.  *Vaughn* at ¶ 1, 6.

{¶18} The Supreme Court of Ohio affirmed.  *Id.* at ¶ 18.  The court held that "[w]hen attorney fees are requested in the original pleadings, a party may wait until after the entry of a judgment on the other claims in the case to file its motion for attorney fees." *Id.* at paragraph one of the syllabus.  In addition, the court held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order."  *Id.* at paragraph two of the syllabus.  The court determined that the summary judgment order (1) "disposed of fewer than all of the claims presented for relief" because it did not resolve the "claim for attorney fees," and (2) did not include Civ.R. 54(B) language.  *Id.* at ¶ 9.  The court held that pursuant to R.C. 2505.02 and Civ.R. 54(B), the order was not final and therefore could not be reviewed by an appellate court.  *Id.*

### D.  Analysis

{¶19} In this case, Chilli made repetitive allegations in Counts I and III of the complaint.  Count I alleged that Denti materially breached the ground lease by "failing to pay rent, real estate taxes, interest, costs, and all other charges and expenses due and owing under" the ground lease.  Count I further alleged that Denti was liable to Chilli for

$144,299.48 for unpaid rent, real estate taxes, interest, and an administrative fee, and was also liable for costs, expenses, and attorney fees Chilli incurred in mitigating its losses and enforcing its rights under the lease.  The prayer for relief for that count sought the $144,299.48 "plus all costs, expenses, and attorney's fees incurred by Plaintiff in enforcing its rights under the Ground Lease[.]"  Count III alleged the same material breach of the ground lease as Count I and again alleged that Denti was liable for costs, expenses, and attorney fees Chilli incurred in mitigating its losses and enforcing its rights under the ground lease.  Count III cited a lease provision as a source liability.  The prayer for relief for Count III sought costs, expenses, and attorney fees Chilli incurred in mitigating its losses and enforcing its rights under the lease.

**{¶20}**  The trial court treated Chilli's request for costs, expenses, and attorney fees incurred in mitigating its losses and enforcing its rights under the ground lease as an independent claim from its breach of contract claim.  With respect to Count I, the court granted Chilli judgment and awarded it damages in the amount sought for unpaid rent, real estate taxes, interest, and an administrative fee. The summary judgment entry is silent regarding the request for costs, expenses, and attorney fees under Count I.  The court attempted to make its ruling on Count I a final appealable order by using language similar to that in Civ.R. 54(B)[1] and declaring that its entry was a final appealable order with respect to Count I.  Regarding Count III, the court granted Chilli judgment against Denti, awarded Chilli costs, expenses, and attorney fees incurred in mitigating its losses

---

[1] Civ.R. 54(B) requires a determination that "there is *no* just reason for delay."  (Emphasis added.)  The summary judgment entry states that "**THERE IS *NOT* JUST CAUSE FOR DELAY**" with respect to Count I. (Emphasis added.)  However, we have previously allowed for substantial compliance with Civ.R. 54(B) where a court used language nearly identical to the required language and exhibited clear intent to enter a final order.  *State ex rel. DeWine v. Ashworth*, 4th Dist. Lawrence No. 11CA16, 2012-Ohio-5632, ¶ 23.

and enforcing its rights under the ground lease, and stated that it would enter a final appealable order on that count following a damages hearing.

**{¶21}** At first glance, *Vaughn* seems to support the trial court's treatment of Chilli's request for costs, expenses, and attorney fees as an independent claim for purposes of Civ.R. 54(B). Paragraph two of the syllabus in *Vaughn* suggests an attorney fee request is an independent claim, so a trial court which has not yet resolved the request can use Civ.R. 54(B) language to make its resolution of other claims a final appealable order. However, we have observed that "the broad language" in that paragraph "is somewhat difficult to comprehend and to apply." *Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. Washington No. 07CA34, 2008-Ohio-1365, ¶ 9. We have stated that "the *Vaughn* syllabus should be considered and applied in light of the underlying facts in that particular case." *Id.* at ¶ 11.

**{¶22}** *Vaughn* did not articulate why the attorney fee request in that case was an independent claim for purposes of Civ.R. 54(B). However, the request arose from statutory and rule authority—R.C. 4115.16(D), Civ.R. 11, and R.C. 2323.51. *Vaughn*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, at ¶ 3, 5. Under R.C. 4115.16(D), if a court in a prevailing wage law case finds, pursuant to that section, that no violation has occurred, it may award attorney fees and court costs to the prevailing party "where the court finds the action brought was unreasonable or without foundation, even though not brought in subjective bad faith." Under Civ.R. 11, a party's attorney or a pro se party must sign the party's pleadings, motions, and other documents, and the signature "constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief

there is good ground to support it; and that it is not interposed for delay." Civ.R. 11 provides that if there is a willful violation of the rule, "an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." (Italics sic.) R.C. 2323.51 permits a trial court to award a party in a civil action who is adversely affected by frivolous conduct court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the action. R.C. 2323.51(B)(1).

**{¶23}** Treatment of an attorney fee request under these authorities as an independent claim, rather than a measure of damages for some other claim, is consistent with Supreme Court of Ohio precedent. That court has "repeatedly held that when a statute authorizes the awarding of attorney fees, it does so by allowing the fees to be taxed as costs rather than awarded as damages." *Christe v. GMS Mgt. Co.*, 88 Ohio St.3d 376, 378, 726 N.E.2d 497 (2000). Moreover, Civ.R. 11 and R.C. 2323.51 require determination of an issue collateral to the primary action—whether a party deserves sanction for conduct engaged in during the underlying litigation. *See Filonenko v. Smock Constr., LLC*, 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, ¶ 14 ("R.C. 2323.51 and Civ.R. 11 serve to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. Therefore, motions for sanctions under R.C. 2323.51 and Civ.R. 11 are collateral to and independent of the primary action. * * * While motions for sanctions arise from the primary action, the ultimate issue raised by such motions—whether the conduct engaged in during the underlying litigation deserves sanction—remains extant even after the primary action concludes"). Therefore,

an attorney fee request under those authorities is factually separate and independent from claims in the primary action, thereby meeting the description of a separate claim set forth in *Wright*. *See Wright*, 75 Ohio St.3d at 86, 661 N.E.2d 728 (1996).

{¶24} This case is distinguishable from *Vaughn*. Unlike the business in *Vaughn*, Chilli did not ask the trial court to tax attorney fees as costs under statutory authority or award them as a sanction for conduct engaged in during the underlying litigation. Rather, Chilli requested costs, expenses, and attorney fees as damages for breach of contract, in addition to unpaid rent, real estate taxes, interest, and an administrative fee. Specifically, Chilli sought damages for the costs, expenses, and attorney fees it incurred in mitigating its losses from the breach by finding a new tenant for the property. *See generally* Restatement of the Law 2d, Contracts, Section 347, Comment c (1981) (subject to limitations, "the injured party is entitled to recover for all loss actually suffered. * * * Incidental losses include costs incurred in a reasonable effort, whether successful or not, to avoid loss * * *"). Chilli also sought damages for the costs, expenses, and attorney fees it incurred in enforcing its rights under the lease in a prior municipal court proceeding and in the trial court. It made this request pursuant to a lease provision in which the parties agreed that Denti would be liable for "all costs, expenses, and attorney fees to enforce" the lease in the event of its default. *See generally Westfield Cos. v. O.K.L. Can Line,* 155 Ohio App.3d 747, 2003-Ohio-7151, 804 N.E.2d 45, ¶ 28 ("attorney fees are allowable as 'damages' in breach-of-contract cases where the parties have bargained for this result and the breaching party's wrongful conduct has led to the legal fees being incurred").

**{¶25}** "Damages are a remedy for a claim, but not a claim in and of themselves." *White v. Emmons*, 4th Dist. Scioto No. 10CA3340, 2011-Ohio-1745, ¶ 9. Consequently, Chilli's request for costs, expenses, and attorney fees is part of its breach of contract claim, not an independent claim, even though Chilli made a repetitive request for those amounts in a separate count of the complaint. Stated differently, Counts I and III of the complaint constitute a single breach of contract claim, not separate claims, for purposes of Civ.R. 54(B).

**{¶26}** The trial court did not issue a final appealable order with respect to the breach of contract claim. "This court has continuously held that '[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves.' " *Britton v. Gibbs Assocs.*, 4th Dist. Highland No. 06CA34, 2008-Ohio-210, ¶ 11, quoting *Shelton v. Eagles Foe Aerie 2232*, 4th Dist. Adams No. 99CA678, 2000 WL 203857, *1 (Feb. 15, 2000). *See generally State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997) ("Generally, orders determining liability * * * and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment"). "A judgment that only partially resolves a claim is not a final appealable order even if the trial court has included a finding of no just cause for delay under Civ.R. 54(B)." *Jones v. Burgess*, 4th Dist. Pickaway No. 10CA3, 2011-Ohio-174, ¶ 14. "Civ.R. 54(B) addresses claims for relief, rather than the component parts of those claims." *White* at ¶ 9.

**{¶27}** Here, the trial court only partially resolved the issue of damages with respect to the breach of contract claim, deferring for later adjudication the amount of damages for

costs, expenses, and attorney fees. As a result, the summary judgment entry is not a final appealable order with respect to Counts I or III, which set forth the breach of contract claim, despite the inclusion of language similar to that in Civ.R. 54(B) with regard to Count I. In addition, the fact that the trial court declared its judgment on Count I to be a final appealable order is immaterial because "appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order." *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, ¶ 5.

### E. Other Authorities the Parties Rely on are Inapposite

**{¶28}** Denti's reliance on *Niehaus* and *Kierland Crossing* is misplaced. In *Niehaus*, the plaintiff commenced a shareholders' derivative action against the Columbus Maennerchor and its then president alleging the Maennerchor's purported acceptance of a purchase contract for its real property violated statutory provisions and the Maennerchor constitution. *Niehaus*, 10th Dist. Franklin No. 07AP-1024, 2008-Ohio-4067, at ¶ 1-2, 6, 9. The plaintiff sought a declaratory judgment that votes on the contract were void. *Id.* The trial court issued a summary judgment entry finding the purchase contract was invalid as a matter of law and referring the case to a magistrate for a hearing on the only remaining issue, the plaintiff's request for attorney fees. *Id.* at ¶ 14. The entry contained Civ.R. 54(B) language. *Id.* The Maennerchor's director, who had intervened in the action as a party defendant and sought a declaration that the purchase contract was valid, appealed, and the plaintiff moved to dismiss for lack of jurisdiction. *Id.* at ¶ 2, 10, 14-15.

**{¶29}** The Tenth District held that the summary judgment entry was a final appealable order because it met the requirements of R.C. 2505.02(B)(2) and Civ.R. 54(B). *Id.* at ¶ 24. The appellate court explained that the entry satisfied R.C.

2505.02(B)(2) as it was an order in a special proceeding, i.e., a declaratory judgment action, and affected the parties' substantial rights, i.e., their rights to enforcement and performance of the purchase contract. *Id.* at ¶ 19-20. The court observed that R.C. 2721.02(A) "provides that 'courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed,' " and "specifically concludes that such a 'declaration has the effect of a final judgment or decree.' " *Id.* at ¶ 20, quoting R.C. 2721.02(A). The appellate court also explained that in *Vaughn*, the Supreme Court of Ohio "implicitly recognized that an order that disposes of some claims, but does not dispose of an attorney fee claim, may be a final appealable order if it contains Civ.R. 54(B) language." *Id.* at ¶ 22. The appellate court found that the trial court did not err in including a Civ.R. 54(B) certification in its entry because the plaintiff's "potential recovery of attorney fees is entirely dependent upon the validity of the trial court's conclusions regarding the enforceability of the purchase contract." *Id.* at ¶ 23. A reversal of that determination "would eradicate [the plaintiff's] basis for arguing entitlement to attorney fees," so "it would be unjust to require the parties to litigate [the plaintiff's] entitlement to attorney fees and the amount of those fees prior to finality on the merits of the competing declaratory judgment claims." *Id.* at ¶ 23.

**{¶30}** This case is distinguishable from *Niehaus*. This case does not involve an appeal of a declaratory judgment because Denti's appeal does not challenge the resolution of Count II of the complaint. Moreover, the attorney fee request in *Niehaus* appears to be premised on the substantial benefit doctrine, which allows a shareholder to recover attorney fees from the corporation in a successful derivative action so long as there is a substantial benefit to the corporation. *See Nordquist v. Schwartz*, 7th Dist.

Columbiana No. 11 CO 21, 2012-Ohio-4571, ¶ 41-42 (discussing the substantial benefit doctrine); *Niehaus* at ¶ 39, 41 (stating that the plaintiff's entitlement to attorney fees depended solely on his maintenance of a shareholders' derivative action and that the defendants argued that the plaintiff was not entitled to attorney fees because he could not prevail on the merits and his derivative action bestowed no benefit on the Maennerchor). The rationale for this doctrine "is that the corporation would be unjustly enriched if the shareholder bringing the suit on the corporation's behalf was forced to shoulder all of the costs of litigation." *Nordquist* at ¶ 41. In contrast, as previously explained, Chilli's request for costs, expenses, and attorney fees is part of a breach of contract claim.

{¶31} In *Kierland Crossing*, the plaintiff filed a complaint for breach of two commercial leases. *Kierland Crossing*, 10th Dist. Franklin No. 11AP-627, 2011-Ohio-5626, at ¶ 2. A group of defendants, the "RHG Parties," filed an answer and counterclaims for declaratory judgment and specific performance. *Id.* at ¶ 2. They alleged the plaintiff's claims were barred by a previously executed settlement agreement and requested a declaration that the agreement was a binding contract which extinguished the plaintiff's claims, a declaration that the plaintiff breached the agreement, and an order that the plaintiff perform its obligations under the agreement. *Id.* at ¶ 2. The RHG Parties requested attorney fees as compensatory damages in their prayer for relief. *Id.* The parties moved for summary judgment, and the trial court found the settlement agreement was a valid and binding contract which precluded the plaintiff's claims. *Id.* at ¶ 3. The court issued an entry which dismissed the complaint, granted judgment in favor of the RHG Parties on their counterclaims, and retained jurisdiction to rule on any motion for attorney fees. *Id.* The entry included Civ.R. 54(B) language. *Id.* The RHG parties moved

for attorney fees as compensatory damages for the plaintiff's breach of the settlement agreement. *Id.* at ¶ 4. Before the trial court resolved the motion, the plaintiff appealed, and the defendants moved to dismiss for lack of jurisdiction. *Id.* at ¶ 1, 4.

**{¶32}** The Tenth District concluded that the trial court's entry was a final appealable order, analogizing the case to *Niehaus*. *Id.* at ¶ 11, 20. The appellate court distinguished cases the RHG Parties cited involving orders regarding liability and damages, stating:

> In those cases, the courts' rationale was that the issue of damages was part of the claim for relief and that, by not determining damages, the trial court had not completely determined the claim for relief. The courts reasoned that no claim had been determined in its entirety and that there was no final order, regardless of whether the trial court employed Civ.R. 54(B) language.
>
> Here, on summary judgment, the trial court was faced with multiple claims, including [the plaintiff's] claims for breach of contract against appellees, and the RHG Parties' counterclaims for declaratory judgment and specific performance, including their request for attorney fees. Even were we to determine that the amount of attorney fees is an integral part of the RHG Parties' claims, the trial court's decision and judgment entry, which held that the parties' valid and binding settlement and release agreement barred any claims on the underlying commercial leases, determined [the plaintiff's] claims for breach of contract in their entirety, leading the court to dismiss [the] complaint. Thus, here, the trial court entirely determined one or more, but less than all, the claims in this action. Accordingly, Civ.R. 54(B) applies and permitted the trial court to certify that there was no just reason for delay. Further, because counsel for all parties approved the judgment entry signed by the trial court at least as to form, it cannot be argued that the trial court abused its discretion by including Civ.R. 54(B) language.

(Citation omitted) *Id.* at ¶ 18-19.

**{¶33}** This case is distinguishable from *Kierland Crossing*. *Kierland Crossing* did not resolve whether the attorney fee request in that case was part of the RHG Parties' counterclaims. See *id.* at ¶ 19. That issue was immaterial because even if the unresolved

request was part of the counterclaims, the trial court still fully resolved the plaintiff-appellant's breach of contract claims and made its entry a final appealable order with respect to them by using Civ.R. 54(B) language. *See id.* In this case, the trial court did not fully resolve any claim which is the subject of appeal. Denti only appeals the summary judgment entry with respect to Counts I and III. As we previously explained, Counts I and III, which include a request for costs, expenses, and attorney fees, constitute a single breach of contract claim, which has not been fully resolved.

**{¶34}** Chilli's reliance on *Ibold* and *Green* is also misplaced. *Ibold* and *Green* involved statutory attorney fee requests. *Ibold*, 2017-Ohio-9388, 103 N.E.3d 101, at ¶ 14 (fees sought under R.C. 5321.16); *Green*, 10th Dist. Franklin No. 08AP-920, 2009-Ohio-5020, ¶ 3, 13 (fees sought under the Ohio Consumer Sales Practices Act). Chilli did not request costs, expenses, and attorney fees pursuant to statutory authority.

## F. Conclusion

**{¶35}** For the foregoing reasons, we conclude that the trial court did not issue a final appealable order with respect to Counts I and III of the complaint. Accordingly, we lack jurisdiction to consider the merits of the appeal and dismiss it.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY:  _____
     Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**