JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Sua sponte, this appeal is dismissed for lack of a final appealable order.
 {¶ 2} The record reflects that plaintiffs-appellants Frank and Michele Mitri's advanced causes of action against Premier Mortgage Funding of Ohio, Inc., aka[1] Premier Mortgage Funding, Inc. and the other defendants-appellees. Although Premier Mortgage Funding of Ohio, Inc. answered the complaint, claims against it were never resolved by the trial court.
 {¶ 3} Plaintiffs seek to appeal the trial court's order that granted the motions for judgment on the pleadings of defendants-appellees Lee Bachman and Countrywide Home Loans, Inc. with prejudice as well as the denial of their motion to amend their complaint. Although the trial court's order disposed of fewer than all of the claims against all of the parties, it did not contain Civ.R. 54(B) language.[2]
 {¶ 4} Premier Mortgage Funding of Ohio, Inc. did not move for judgment on the pleadings nor move to dismiss the complaint against it and the claims against it could not be dismissed sua sponte by the trial court. E.g., Mayor v. Ford Motor Co., *Page 4 
Cuyahoga App. No. 81835, 2003-Ohio-2869, ¶ 3 and 7 (a trial court's "order granting the motions to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss" notwithstanding the fact that the trial court's order "dismissed the case.")
 {¶ 5} During the pendency of this appeal, Premier Mortgage Funding, Inc. filed a suggestion of bankruptcy and plaintiffs dismissed that entity. Plaintiffs did not dismiss Premier Mortgage Funding of Ohio, Inc., which remains a party in the trial court with unresolved claims. Therefore, this Court lacks jurisdiction to address the appeal at this time due to a lack of a final, appealable order. Id. at ¶ 11.
[1] Premier Mortgage Funding, Inc. was not named as a separate corporation.
[2] Civil Rule 54(B) provides: "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
Appeal dismissed.
It is ordered that appellees recover from appellants their costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS MELODY J. STEWART, J., DISSENTS