[Cite as *Armatas v. Aultman Health Found.*, 2016-Ohio-2715.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STEVEN A. ARMATAS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AULTMAN HEALTH | : | Case No. 2015CA00225 |
| FOUNDATION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2015CV02003


JUDGMENT:                       Dismissed




DATE OF JUDGMENT:               April 25, 2016


APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

STEVEN A. ARMATAS                       ORVILLE L. REED
7690 Bucknell Circle, NW                DAVID W. HILKERT
North Canton, OH  44720                 3475 Ridgewood Road
                                        Akron, OH  44333

                                        STEPHAN C. KREMER
                                        80 South Summit Street
                                        400 Courtyard Square
                                        Akron, OH  44308

*Baldwin, J.*

{¶1} Appellant Steven A. Armatas appeals a judgment of the Stark County Common Pleas Court dismissing his complaint against appellee Richard Milligan.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On October 11, 2014, Alexander Armatas, appellant's father, passed away while being treated at Aultman Hospital after suffering a cardiac episode. On November 24, 2014, appellant, who is an attorney, submitted a "Grievance" letter outlining his concerns regarding his father's medical care to Aultcare MAP (Medicare Advantage Plan) and Aultman PAG (Patient Advocacy Group). Aultcare MAP investigated the grievance and informed appellant the results were confidential. Appellant never received a reply from PAG. As a result, appellant went to Aultman Hospital to inquire about his grievance filed with PAG. Appellant was told to contact appellee, who was the hospital's outside counsel.

{¶3} In an email dated May 29, 2015, Mark Rose, Senior Vice-President of Legal Affairs of the Aultman Health Foundation and its Subsidiaries and Related Entities, informed appellant he was not to contact anyone from Aultman Hospital and as an attorney, he needed to abide by ethical obligations required by Ohio law. Mr. Rose told appellant to contact appellee. Appellant sent Mr. Rose a response, explaining that his analysis of the Ohio Rules of Professional Conduct for Attorneys was incorrect.

{¶4} In a letter dated June 9, 2015, appellee informed appellant that any further communications concerning Aultman Health Foundation and its related entities should be done through him. Appellant responded to appellee via a letter dated June 18, 2015, informing him that Professional Conduct Rule 4.2 did not apply to him in a personal matter

related to his own father, and submitted a copy of the letter to the Stark County Bar Association (hereinafter "SCBA"). The SCBA referred the matter to the Office of Disciplinary Counsel (hereinafter "ODC"). By letter dated August 19, 2015, the ODC concluded appellee's conduct did not violate any of the ethics codes.

{¶5} On September 29, 2015, appellant filed a complaint for declaratory judgment against Aultman Health Foundation and appellee. Appellant sought an opinion about Professional Conduct Rule 4.2 and his right to interview Aultman Hospital employees. He also sought injunctive relief, punitive damages, attorney fees, and costs. On October 15, 2015, appellee filed a Civ.R. 12(B)(6) motion to be dismissed from the case. Appellant filed a brief in response on October 28, 2015, and appellee filed a reply brief on November 9, 2015. On November 20, 2015, appellant sought leave to file a surreply brief. By orders filed November 23, 2015, the trial court denied the leave and granted appellee's motion to dismiss, finding appellee acted in good faith on behalf of his client(s) and was therefore immune from the action.

{¶6} Appellant assigns the following errors on appeal to this Court:

{¶7} "I. THE TRIAL COURT ERRED IN DISMISSING ATTORNEY MILLIGAN AS A DEFENDANT IN THE MATTER BECAUSE A DECLARATORY JUDGMENT ACTION IS NOT THE PROPER SUBJECT OF A RULE 12(B)(6) MOTION TO DISMISS ABSENT SPECIAL FINDINGS OF LAW BY THE TRIAL COURT."

{¶8} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT CONSIDERING PLAINTIFF'S SURREPLY BRIEF PRIOR TO RENDERING ITS ORDER GRANTING ATTORNEY MILLIGAN'S MOTION TO DISMISS PURSUANT TO CIV.R.12(B)(6)."

{¶9} "III. THE TRIAL COURT ERRED IN GRANTING ATTORNEY MILLIGAN'S MOTION TO DISMISS PURSUANT TO CIV.R.12(B)(6) WHEN IT FOUND THAT 'MR. MILLIGAN ACTED IN GOOD FAITH ON BEHALF OF HIS CLIENTS, AULTMAN HEALTH FOUNDATION AND ITS RELATED ENTITIES, AND THAT HE IS, THEREFORE, IMMUNE FROM SUIT BY [PLAINTIFF] IN THE WITHIN MATTER.' "

{¶10} As a preliminary matter, we address the issue of whether the judgment appealed from is a final, appealable order.

{¶11} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶12} To be final and appealable, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B). Civil Rule 54(B) states as follows:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to

any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶13} Thus, Civ. R. 54(B) makes mandatory the use of the language, "there is no just reason for delay." Where multiple claims and/or multiple parties exist and not all have reached final judgment, without the Civ. R. 54(B) language, the order is subject to modification and is neither final nor appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381(1989).

{¶14} The judgment appealed from does not determine the matter as to all parties. The matter is resolved in regard to appellee Richard Milligan only, and the claims against Aultman Health Foundation remain pending. The entry does not contain the required language of Civ.R. 54(B) that "there is no just cause for delay." Having failed to meet the requirements of Civ.R. 54(B), we find the judgment appealed from is not a final appealable order. Accordingly, this court has no jurisdiction to hear appellant's appeal.

{¶15} The appeal is dismissed for want of jurisdiction and remanded to the Stark County Court of Common Pleas for further proceedings consistent with law and this opinion.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concurs.