[Cite as *Aziz v. Capital Sr. Living, Inc.*, 2021-Ohio-2515.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

YASMINE AZIZ,                                         :

     Plaintiff-Appellant,                    :

                                No. 109814

     v.                                             :

CAPITAL SENIOR
LIVING, INC., ET AL.                                 :

     Defendants-Appellees.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928286

---

***Appearances:***

The Spitz Law Firm, L.L.C., Brian D. Spitz, and Samuel B. Robb, *for appellant.*

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Joseph N. Gross, and Jordan J. Call, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Yasmine Aziz ("Aziz"), appeals from the trial court's decision granting a motion to dismiss in favor of defendants-appellees, Capital Senior Living, Inc. (individually "CSL") and Latyona Sarratt-Smith (individually

"Sarratt-Smith") (together the "appellees"). Aziz raises the following assignments of error for review:

> 1. The trial court committed reversible error by dismissing Count 1 of Aziz's amended complaint, erroneously holding that Aziz was required to allege a sufficient act of abuse occurred in order to invoke the protections of R.C. 3721.24.

> 2. The trial court committed reversible error by failing to allow Aziz to alternatively pursue a claim for wrongful termination in violation of public policy.

> 3. The trial court committed reversible error by dismissing Counts 3 and 4 of Aziz's amended complaint, in holding that Aziz was required, and failed, to meet a prima facie pleading standard.

> 4. The trial court committed reversible error by dismissing Count 5 of Aziz's amended complaint.

{¶ 2} After careful review of the record and relevant case law, we dismiss the instant appeal for lack of a final, appealable order.

## I. Factual and Procedural History

{¶ 3} CSL operates a long-term residential care facility known as "The Waterford." Aziz, who is "of Egyptian descent," began her employment at The Waterford on or about July 18, 2019. She served as a charge nurse and was responsible for "managing staff to ensure residents [of The Waterford] are adequately cared for."

{¶ 4} In the course and scope of her employment, Aziz instructed a subordinate employee, Jane Doe, to clean a resident's catheter on or about August 7, 2019. When Jane Doe refused to comply with Aziz's request, Aziz submitted a written complaint with her supervisor, Sarratt-Smith, requesting that Jane Doe be

disciplined for engaging in conduct that "constituted neglect of a resident." Aziz also "verbally complained to Sarratt-Smith that [Jane Doe's] refusal of the care jeopardized [the] resident's health and safety."

{¶ 5} On or about August 8, 2019, Aziz instructed Jane Doe to respond to a resident's call button request for assistance that had not been answered for approximately 20 minutes. Again, Jane Doe refused Aziz's request and became hostile, stating to Aziz, "Go back to where you fucking came from." Aziz advised Jane Doe that she could go home if she did not wish to work. Jane Doe responded, "You are the one that needs to go home." Aziz reported Jane Doe's refusal of the assistance order and her discriminatory comments to Sarratt-Smith in writing. Aziz maintains that CSL and Sarratt-Smith did not investigate her written complaint or otherwise discipline Jane Doe. Rather, Aziz's employment was terminated on August 9, 2019, following a meeting with Sarratt-Smith. Aziz claims that Sarratt-Smith reprimanded her for making the written complaints against Jane Doe, thereby, condoning the conduct and statements of Jane Doe.

{¶ 6} On January 23, 2020, Aziz filed a civil complaint against the appellees, setting forth claims for retaliation in violation of R.C. 3721.24 (Count 1), wrongful termination in violation of public policy (Count 2), national origin discrimination in violation of R.C. 4112.02, et seq. (Count 3), race discrimination in violation of R.C. 4112.02, et seq. (Count 4), and retaliation in violation of R.C. 4112.02(I) (Count 5).

{¶ 7} On March 9, 2020, Aziz filed an amended complaint, setting forth additional allegations of fact in support of the claims pursued in the original complaint.

{¶ 8} Subsequently, CSL filed a motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(6). In the motion, CSL argued that (1) Aziz failed to allege any protected activity to support her claims of retaliation under R.C. 3721.24 and 4112.02(I), (2) the wrongful termination claim fails as a matter of law because the Ohio Revised Code provides Aziz an adequate remedy, and (3) the discrimination claims fail as a matter of law because Aziz failed to allege facts that could be considered unlawful discrimination. Relevant to this appeal, Sarratt-Smith did not join the motion to dismiss or otherwise file a responsive pleading.

{¶ 9} Aziz opposed the motion to dismiss, arguing that she pleaded sufficient facts to put CSL on notice of her claims in compliance with Civ.R. 8. Aziz rejected CSL's interpretation of the facts and maintained that the allegations set forth in the amended complaint were sufficient to state a claim for which relief could be granted under Civ.R. 12(B)(6).

{¶ 10} On June 24, 2020, the trial court granted CSL's motion to dismiss, stating, in relevant part:

> Plaintiff does not allege a sufficient act of abuse occurred to invoke the protections in her first two claims (retaliation and wrongful termination in violation of public policy). Plaintiff alleges a subordinate's refusal to act in a way in which Plaintiff personally found could be abusive, but which is not abuse pursuant to the statute and case law. Additionally, Plaintiff's claim for wrongful termination in

violation of public policy fails because she has a sufficient statutory remedy to address the same conduct.

Plaintiff's claims for national origin discrimination and race and color discrimination fail to meet a prima facie pleading, because she does not allege that the position was filled by a person outside the protected class or that it remained open after her termination.

Finally, Plaintiff's fifth claim fails because the retaliation that Plaintiff alleges cannot be attributed to her employer or supervisor. The conduct of which Plaintiff complains were two remarks by her subordinate. Plaintiff herself references at least two of her supervisors in her complaint. The court cannot attribute these comments by Plaintiff's subordinate to the defendants.

{¶ 11} Aziz now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 12} Collectively Aziz's assignments of error challenge the trial court dismissal of Counts 1-5 of the amended complaint. However, this court must first resolve the issue of whether this court has jurisdiction to resolve this appeal.

{¶ 13} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), a reviewing court is conferred jurisdiction to review final appealable orders from lower courts of their districts. Final appealable orders are those that "'dispos[e] of the whole case or some separate and distinct branch thereof.'" *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 19, quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). A trial court order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. Franklin No. 18AP-843, 2019-Ohio-3557, ¶ 10. R.C. 2505.02(B) defines a final order as:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 14} Civ.R. 54(B) requires that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." When the trial court's order adjudicates less than all of the claims or rights of all the parties, and it does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), it is not a final, appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus. "'If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed.'" *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174,

¶ 7, quoting *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶ 15} In the present case, the trial court's judgment was limited to granting the motion to dismiss filed by CSL. It is undisputed, however, that the underlying action involves multiple claims and multiple parties. It is equally uncontroverted that Sarratt-Smith did not join in the motion to dismiss or otherwise appear in this case. Thus, it is apparent that the trial court's order granting the motion to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss. *See Mitri v. Premier Mtge. Funding of Ohio, Inc.*, 8th Dist. Cuyahoga No. 89941, 2008-Ohio-1821, ¶ 4, citing *Mayor v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 81835, 2003-Ohio-2869, ¶ 3-7 (A trial court's "order granting the motions to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss" notwithstanding the fact that the trial court's order "dismissed the case."). Moreover, the trial court's entry does not contain language, pursuant to Civ.R. 54(B), that "there is no reason for delay" of the appeal. Because the trial court's order granting CSL's motion to dismiss was not a final, appealable order, we lack jurisdiction to review Aziz's assigned errors.

{¶ 16} In reaching this conclusion, we recognize that "the Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." *See State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). Generally, a court may dismiss a

complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 8th Dist. Cuyahoga No. 97641, 2012-Ohio-2315, ¶ 17, fn. 2, citing *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923. In this case, however, there is no language in the trial court's journal entry to suggest the court intended to sua sponte dismiss the claims pursued against Sarratt-Smith. The court's analysis was limited to the arguments posed in CSL's individually filed motion to dismiss. Certainly, the trial court's resolution of the claims pursued against CSL are relevant to the allegations levied against Sarratt-Smith. However, resolution of whether the trial court has issued a final, appealable order does not warrant consideration of the merits of unresolved claims against parties who neither filed an answer nor joined the motion to dismiss. This court may not read language into the entry that is not there merely to avoid the procedural requirements and implications of the Ohio Revised Code and the Rules of Civil Procedure.

{¶ 17} Based on the foregoing, we find the order from which Aziz seeks to appeal is not a final, appealable order. Therefore, we must dismiss this appeal for lack of jurisdiction.

{¶ 18} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR