[Cite as *Altizer v. Arbors at Gallipolis*, 2022-Ohio-4191.]

Released 11/16/22

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| NANCY ALTIZER, REPRESENTATIVE OF THE ESTATE OF JAMES H. SMITH, DECEASED, | : : : : : | |
| Plaintiff-Appellant, | : : | Case No. 21CA11 |
| v. | : : : | DECISION AND JUDGMENT ENTRY |
| ARBORS AT GALLIPOLIS, ET AL.,: | : | |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

William B. Eadie and Mark A. Tassone, Eadie Hill Trial Lawyers, Cleveland, Ohio, for Appellant.

Paul W. McCartney, Bonezzi Switzer Polito & Hupp Co., LPA, Cincinnati, Ohio, for Appellees.

_____

Smith, P.J.

{¶1} Nancy Altizer, "Appellant," appeals the October 4, 2021 Judgment Entry of the Gallia County Court of Common Pleas in which the trial court granted summary judgment in favor of Arbors at Gallipolis, aka Gallipolis OPCO LLC, Noble Healthcare Management LLC, Ark OPCO Group LLC, Gallipolis RE LLC, and Prestige Healthcare I LLC, collectively, "Appellees," on the basis that Appellant failed to commence

her medical malpractice action within the applicable statute of limitations period. Based upon our review of the record, however, we find we are not presented with a final appealable order. Consequently, we do not have jurisdiction to consider the appeal and it is hereby dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Arbors of Gallipolis is a nursing home. On November 6, 2019, Appellant resided at Arbors of Gallipolis. On that date, Appellant allegedly suffered a fall. Appellant was transported to a local hospital and eventually to Grant Medical Center in Columbus where she was treated for a neck fracture.

{¶3} On May 16, 2020, pursuant to Civ. R. 2305.113(B), Appellant sent via certified mail, a 180-day letter providing notice of a potential claim against Appellees. On November 6, 2020, Appellant sent, via certified mail, another 180-day notice of potential claim letter to Appellees. On April 12, 2021, Appellant filed a complaint with jury demand and affidavit of merit attached.

{¶4} In the complaint at Paragraph 9, Appellant alleged that the defendants are for-profit corporations owned and controlled by Craig Flashner and others as part of the Prestige Healthcare/Noble Healthcare/Northpoint organization's "Arbors" chain of nursing homes.

Appellant alleged medical negligence and recklessness, violation of nursing home resident rights, and civil conspiracy. Appellant sought compensation for harms and losses sustained as a result of the alleged negligence, recklessness, conscious disregard, and reckless disregard of the Appellees. Appellant also requested punitive damages, attorney fees, and costs of the action.

{¶5} In the complaint, Appellant alleged that notice pursuant to R.C. 2304.113(B) extending the time frame for filing the lawsuit had been provided to Appellees. On May 6, 2021, Appellees herein, filed an answer to the complaint. Appellees denied many of the allegations in the complaint, including the allegation in Paragraph 9 regarding the Appellees' ownership and control of the Arbors nursing home chain. Appellees also asserted that Appellant's claims were barred by the applicable statute of limitations.

{¶6} On June 29, 2021, Appellees filed a motion for summary judgment asserting that Appellant failed to timely commence her action within the applicable limitations period. Appellant filed a brief in opposition to the Appellees' motion. Appellees also filed a reply brief. On October 4, 2021, the trial court filed its Judgment Entry finding that based on Appellees' statute of limitations argument, Appellees were entitled to summary judgment as a matter of law. This timely appeal followed.

ASSIGNMENT OF ERROR

I.      THE TRIAL COURT ERRED IN GRANTING
        DEFENDANT-APPELLEE'S MOTION FOR
        SUMMARY JUDGMENT FINDING THAT
        STATUTORY NOTICES OF CLAIM ARE NOT
        TIMELY SERVED WHEN SERVED IN
        ACCORDANCE WITH THE GENERAL
        ASSEMBLY'S METHOD OF DELIVERY.

LAW AND ANALYSIS

{¶7} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), a

reviewing court is conferred jurisdiction to review final appealable orders

from lower courts of their districts. *Aziz v. Capital Senior Living, Inc.,* 8th

Dist. Cuyahoga No.109184, 2021-Ohio-2515, at ¶ 13. Final appealable

orders are those that " 'dispos[e] of the whole case or some separate and

distinct branch thereof.' " *Rae-Ann Suburban, Inc. v. Wolfe,* 8th Dist.

Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 19, quoting *Lantsberry v. Tilley*

*Lamp Co.,* 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). *See also Chilli*

*Associates Limited Partnership v. Denti Restaurants Inc.,* 4th Dist. Ross No.

21CA3743, 2022-Ohio-848, at ¶ 10. A trial court order is final and

appealable only if it meets the requirements of R.C. 2505.02 and, if

applicable, Civ.R. 54(B). *Oakley v. Ohio State Univ. Wexner Med. Ctr.,*10th

Dist. Franklin No. 18AP-843, 2019-Ohio-3557, at ¶ 10. *See also Chilli,*

*supra,* at ¶ 10. R.C. 2505.02(B) defines a final order:

> An order is a final order that may be reviewed, affirmed,
> modified, or reversed, with or without retrial, when it is one of
> the following:
>
> (1) An order that affects a substantial right in an action that
> in effect determines the action and prevents a judgment;
> (2) An order that affects a substantial right made in a
> special proceeding or upon a summary application in an
> action after judgment;
> (3) An order that vacates or sets aside a judgment or grants
> a new trial;
> (4) An order that grants or denies a provisional remedy and
> to which both of the following apply:
>> (a) The order in effect determines the action with
>> respect to the provisional remedy and prevents a
>> judgment in the action in favor of the appealing
>> party with respect to the provisional remedy.
>> (b) The appealing party would not be afforded a
>> meaningful or effective remedy by an appeal
>> following final judgment as to all proceedings,
>> issues, claims, and parties in the action.

{¶8} Civ.R. 54(B) requires that "[w]hen more than one claim for

relief is presented in an action * * * or when multiple parties are involved,

the court may enter final judgment as to one or more but fewer than all of

the claims or parties only upon an express determination that there is no just

reason for delay." *See also Chilli Associates Limited Partnership, supra,* at

¶ 14. When the trial court's order adjudicates less than all of the claims or

rights of all the parties, and it does not meet the requirements of R.C.

2505.02 and Civ.R. 54(B), it is not a final appealable order. *See Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus. " 'If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed.' " *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.,* 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, quoting *Assn. of Cleveland Firefighters,* # 93 v. Campbell, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶9} In this case, Appellant filed her complaint naming eight defendants, in this order:

1) Arbors at Gallipolis aka Gallipolis OPCO LLC, (Hilliard, Ohio);
2) Noble Healthcare Management LLC, (Hilliard, Ohio);
3) Ark OPCO Group LLC, (Dover, Delaware);
4) Gallipolis RE LLC (Columbus, Ohio);
5) Prestige Healthcare I LLC (Dover, Delaware);
6) Northpoint Senior Services LLC dba Prestige Healthcare (Lexington, Kentucky);
7) Prestige Healthcare Management aka Northpoint Senior Services LLC (Lexington, Kentucky); and,
8) Prestige Administrative Services LLC dba Prestige Healthcare (Dover, Delaware).

{¶10} The record of proceedings indicates that of these eight defendants, seven were served and one was not. The first five defendants, the collective Appellees, filed a joint answer to the complaint. These Appellees also filed a joint motion for summary judgment.

{¶11} The remaining three defendants are Northpoint Senior Services LLC dba Prestige Healthcare, Prestige Healthcare Management aka Northpoint Senior Services LLC, and Prestige Administrative Services, LLC dba Prestige Healthcare. The record indicates Northpoint Senior Services LLC dba Prestige Healthcare was served, although the signature could not be read, at the Lexington, Kentucky address. Prestige Healthcare Management aka Northpoint Senior Services LLC, also located at the same address in Lexington, Kentucky, was not properly served. Prestige Administrative Services LLC dba Prestige Healthcare was served in Dover, Delaware and signed for by someone named Kayla.[1]

{¶12} While Appellant alleged that all defendants are for-profit corporations operating under the umbrella of Prestige/ Noble/ Northpoint, Appellees denied this allegation in the answer. While the truthfulness of Appellant's allegation seems likely, there is no evidence in the record to confirm this. The latter three corporate defendants did not join in the answer to the complaint and did not join in the motion for summary judgment. Consequently, the claims against these three defendants do not appear to have been resolved.[2]

---

[1]Someone named Kayla also signed for service to Ark OPCO Group LLC and Prestige Healthcare I LLC at the same Delaware address.

[2]The record further indicates that Prestige Healthcare Management aka Northpoint Senior Services LLC was not properly served. Civ.R. 4(E) provides that "[i]f a service of the summons and complaint is not

{¶13} *In Qualchoice Health Plan, Inc. v. Progressive Quality Care, Inc.,* 8th Dist. Cuyahoga No. 95046, 2011-Ohio-483, the record demonstrated that QualChoice filed a four-count complaint against Progressive and ten other companies affiliated with Progressive. QualChoice sought to recover unpaid premiums and administrative expenses relating to two group health insurance policies under which it provided health insurance to Progressive's and the other defendants' employees. QualChoice later filed an amended complaint which included these defendants:  Progressive Quality Care, Inc.; Progressive Parma Care Center, LLC; Progressive Rolling Hills, LLC; Progressive Park, LLC; Progressive Fountainview, LLC; Progressive Pines, LLC; CBG Therapy and Consulting, LLC; Amherst Alliance, LLC; Progressive Morning Care, LLC; and Progressive Green Meadows, LLC.

{¶14} The parties eventually agreed to a bench trial before a retired judge.  The judge subsequently conducted a four-day trial wherein Progressive's chief executive officer testified that the defendant corporations

made upon a defendant within six months after the filing of the complaint," and the plaintiff cannot show good cause why service was not made within the six-month period, "the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." Appellant filed her complaint on April 12, 2021 and the trial court rendered the appealed-from decision on October 12, 2021, six months.  Arguably, this defendant should have been dismissed from the action leaving Appellant's claims pending against only two defendants.

were separate corporations operating independently and utilizing the common management services of appellant Progressive.

{¶15} On February 18, 2010, a verdict and opinion were issued ordering that appellant Progressive was liable to QualChoice. The opinion made no mention of the nine other defendants named on the amended complaint and stated that findings of fact and conclusions of law would follow. Progressive filed a timely notice of appeal but the appeal was subsequently dismissed "per Civ.R. 54(B)."

{¶16} On March 30, 2010, the trial judge issued findings of fact and conclusions of law. The judge concluded that under the terms of the contract, Progressive was liable to QualChoice. However, as with the verdict, the findings of fact and conclusions of law made no findings or conclusions regarding QualChoice's claims against the nine other defendants named in the amended complaint. In resolving the second appeal, the 8th District court again concluded that although the trial court heard the "entire matter" and rendered judgment against Progressive, the trial court's judgment did not dispose of QualChoice's claims against the remaining nine defendants named in the amended complaint. The 8th District found no jurisdiction to consider the appeal and dismissed it a second time.

{¶17} More recently, in *Aziz v. Capital Senior Living, Inc., supra,* Aziz filed a complaint against her employer, Capital Senior Living (CSL), and another employee-supervisor, Sarratt Smith, for claims of retaliation, wrongful termination, and discrimination. Eventually CSL filed a motion to dismiss. Sarratt-Smith did not join the motion to dismiss or otherwise file a responsive pleading. The trial court granted CSL's motion to dismiss.

{¶18} Aziz appealed. In resolving the appeal, the 8th District Court observed:

> In the present case, the trial court's judgment was limited to granting the motion to dismiss filed by CSL. It is undisputed, however, that the underlying action involves multiple claims and multiple parties. It is equally uncontroverted that Sarratt-Smith did not join in the motion to dismiss or otherwise appear in this case. Thus, it is apparent that the trial court's order granting the motion to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss. *See Mitri v. Premier Mtge. Funding of Ohio, Inc.,* 8th Dist. Cuyahoga No. 89941, 2008-Ohio-1821, ¶ 4, *citing Mayor v. Ford Motor Co.,* 8th Dist. Cuyahoga No. 81835, 2003-Ohio-2869, ¶ 3-7.[3] * * * Because the trial court's order granting CSL's motion to dismiss was not a final, appealable order, we lack jurisdiction to review Aziz's assigned errors.

*Aziz, supra,* at ¶ 15.

{¶19} The 8th District Court continued:

> In reaching this conclusion, we recognize that "the Rules of Civil Procedure neither expressly permit nor forbid courts to sua

---

[3]The appellate court also noted that the trial court's entry did not contain language, pursuant to Civ.R. 54(B), that "there is no reason for delay" of the appeal.

sponte dismiss complaints." *See State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.,* 8th Dist. Cuyahoga No. 97641, 2012-Ohio-2315, ¶ 17, fn. 2, citing *Dunn v. Marthers,* 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923. In this case, however, there is no language in the trial court's journal entry to suggest the court intended to sua sponte dismiss the claims pursued against Sarratt-Smith. The court's analysis was limited to the arguments posed in CSL's individually filed motion to dismiss. Certainly, the trial court's resolution of the claims pursued against CSL are relevant to the allegations levied against Sarratt-Smith. However, resolution of whether the trial court has issued a final, appealable order does not warrant consideration of the merits of unresolved claims against parties who neither filed an answer nor joined the motion to dismiss. This court may not read language into the entry that is not there merely to avoid the procedural requirements and implications of the Ohio Revised Code and the Rules of Civil Procedure. Based on the foregoing, we find the order from which Aziz seeks to appeal is not a final, appealable order. Therefore, we must dismiss this appeal for lack of jurisdiction.

*Id*. at ¶¶ 15-17.

{¶20} Both *Qualchoice* and *Aziz* provide guidance herein.  In *Qualchoice,* there was at least some evidence that the other companies utilized the common management services of Progressive.  Here there is no evidence regarding the status and operation of the eight corporate entities

named in Appellant's complaint.  And as noted in *Aziz,* certainly the trial court's resolution of the claims against the collective Appellees herein are relevant to the allegations set forth against the remaining three defendants. However, as the *Aziz* court stated, "resolution of whether the trial court has issued a final, appealable order does not warrant consideration of the merits of unresolved claims against parties who neither filed an answer" or in this case, joined the motion for summary judgment.

{¶21} Based on the foregoing, we find the October 4, 2021 judgment entry is not a final order under R.C. 2505.02(B).  Furthermore, the trial court's use of Civ.R. 54(B) language cannot transform it into a final appealable order.  While the final page of the October 4, 2021 judgment entry contains the language that, " '[t]his is a final appealable judgment and there is not just reason for delay,' [t]he mere incantation of Civ.R. 54(B) language does not convert an otherwise non-final order [under R.C. 2505.02(B)] into a final, appealable order." *Milton Banking Company v. Adkins*, 4th Dist. Jackson No.19CA07, 2020-Ohio-1481, at¶ 14, (internal citations omitted.)  Consequently, we lack jurisdiction to consider the merits of Appellant's sole assignment of error.  The appeal is hereby dismissed.

**APPEAL DISMISSED.**

# __JUDGMENT ENTRY__

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**