[Cite as *1116 Hudson, L.L.C. v. Dry Creek Mtge., Inc.*, 2024-Ohio-2183.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1116 Hudson, LLC, | : | |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | |
| v. | : | No. 23AP-729 |
| Drycreek Mortgage, Inc. et al., | : | (C.P.C. No. 22CV-7726) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| Tonya A. Miller, individually<br>AKA Tonya Bowersock, individually, | : | |
| | : | |
| Defendant-Appellee/<br>Cross-Appellant. | : | |

D E C I S I O N

Rendered on June 6, 2024

**On brief:** *Wells Law Office,* and *Joquetta S. Wells*, for plaintiff-appellant/cross-appellee. **Argued:** *Joquetta S. Wells.*

**On brief:** *Thomas M. McCash*, for defendant-appellee/cross-appellant. **Argued:** *Thomas M. McCash.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant/cross-appellee, 1116 Hudson, LLC ("Hudson"), appeals from a decision and order of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee/cross-appellant, Tonya A. Miller, individually, AKA Tonya Bowersock, individually ("Miller"). Miller filed a cross-appeal from the same decision denying her motion for sanctions. For the following reasons, we dismiss the appeal and cross-appeal.

## I. Facts and Procedural History

{¶ 2}   On November 4, 2022, Hudson filed a complaint against four named defendants: (1) Drycreek Mortgage, Inc., (2) Reflections I, Inc., (3) Reflections II, Inc., and (4) Miller.  The complaint set forth allegations of breach of contract and damages arising from the alleged non-payment of a promissory note.  Further, the complaint alleged Miller executed the note on July 23, 1994 in the principal sum of $7,009.16 with interest at a rate of 10 percent and signed the note in both her individual capacity and as guarantor for defendants Drycreek, Reflections I, and Reflections II.  The complaint alleged all four named defendants were in default on the terms of the note, that Hudson made a written demand for payment on April 10, 2017, and that all four defendants have failed to pay.  Hudson sought judgment against all four named defendants in the amount of $99,547.55.  On November 14, 2022, Hudson filed an amended complaint against the same four named defendants with the same material allegations, attaching to the complaint a copy of the note, its written demand for payment, and its calculation of the outstanding balance with interest.

{¶ 3}   On December 14, 2022, Miller filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), and a motion for sanctions under Civ.R. 11 and R.C. 2323.51.  Miller set forth several arguments for dismissal, including an argument that the applicable statute of limitations operated to bar Hudson's claim.  Relevant to this appeal, Drycreek, Reflections I, and Reflections II did not join the motion to dismiss or otherwise file a responsive pleading.[1]

{¶ 4}   Hudson opposed the motion to dismiss, arguing Miller's motion to dismiss relied on evidence outside of the complaint and its attachments.  Hudson further argued that the question of whether the statute of limitations applied was subject to further discovery and thus not appropriate for dismissal under Civ.R. 12(B)(6).

{¶ 5}   On November 13, 2023, the trial court granted Miller's motion to dismiss, finding the applicable statute of limitations operated to bar Hudson's complaint.  In the

---

[1] The record indicates service of the complaint by certified mail was completed to Miller and to Drycreek. However, as of the date of the trial court's decision and order, Hudson had yet to complete service on Reflections I or Reflections II.

same decision and order, the trial court also denied Miller's motion for sanctions. Hudson timely appeals, and Miller filed a timely cross-appeal.

## II. Assignments of Error

{¶ 6} Hudson assigns the following two assignments of error for our review:

[I.] The trial court erred to Plaintiff-Appellant's [Cross-Appellee's] substantial prejudice by determining a Civ.R. 12 (B)(6) motion grounded on the movant's assertion that a complaint is time barred by applying R.C. 1303.16(B), and no other statute, to reach the conclusion that the non-movant's complaint does not present proof that a tolling issue plausibly exists and thus is conclusively time barred by operation of R.C. 1303.16.

[II.] The trial court erred when, in construing the Amended Complaint upon a Civ.R. 12(B)(6) motion, the trial court analyzed the averments and the Civ.R. 10(C) and (D) Exhibits attached to the complaint but did not make all reasonable inferences in the non-movant's favor.

{¶ 7} Miller assigns the following sole cross-assignment of error for our review:

The trial court errored as a matter of law in denying Defendant Tonya Bowersock Motion for Sanctions and not holding a hearing pursuant to R.C. §2323.51.

(Sic passim.)

## III. Discussion

{¶ 8} Before we can reach the merits of Hudson's assignments of error or Miller's cross-assignment of error, we must address our subject-matter jurisdiction. Although neither party has raised the issue of whether the trial court's November 13, 2023 decision is a final appealable order, an appellate court may raise that jurisdictional issue sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 9, citing *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 9} Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. If an order is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *Tassone v. Tassone*, 10th Dist. No. 18AP-475, 2019-Ohio-

683, ¶ 7, citing *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. A trial court's labeling of an entry as a "final appealable order" is not dispositive of the issue. *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 10} R.C. 2505.02(B) defines final orders and provides, in pertinent part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 11} Civ.R. 54(B) provides, as follows:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination

that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 12} If a trial court enters judgment on some but not all of the claims in a multi-claim action or with respect to some but not all of the parties in a multi-party action, in the absence of express Civ.R. 54(B) language, an appellate court has no jurisdiction to review the judgment. *In re the Estate of Von Endt*, 10th Dist. No. 13AP-956, 2014-Ohio-1749, ¶ 10, citing *Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12.

{¶ 13} In the present case, the trial court's decision and order granted Miller's motion to dismiss and denied her motion for sanctions. It is undisputed, however, that the underlying action involves multiple parties, and none of the other named defendants joined Miller's motion to dismiss or otherwise appeared in this case. Thus, although the trial court granted Miller's motion to dismiss the complaint, the trial court's order did not determine the action or prevent a judgment because not all of the defendants joined the motion to dismiss. *See Huntington Natl. Bank v. Troon Mgt., Inc.*, 10th Dist. No. 10AP-655, 2011-Ohio-1194, ¶ 11 (trial court's decision granting the appellee's motion to dismiss the counterclaim did not determine the action under R.C. 2505.02(B)(1) because additional claims had not yet been resolved); *Aziz v. Capital Senior Living, Inc.*, 8th Dist. No. 109814, 2021-Ohio-2515, ¶ 15 ("it is apparent that the trial court's order granting the motion to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss"), citing *Mayor v. Ford Motor Co.*, 8th Dist. No. 81835, 2003-Ohio-2869, ¶ 3-7 (trial court's "order granting the motions to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss" regardless of the trial court's order purporting to have "dismissed the case").

{¶ 14} Moreover, the trial court's decision and order does not contain language, pursuant to Civ.R. 54(B), that "there is no just reason for delay" of the appeal. *Tonti Homes*

*Corp. v. Siculan*, 10th Dist. No. 22AP-162, 2022-Ohio-3067, ¶ 8-12 (even if the court were to assume a trial court's decision and entry satisfied the requirements of R.C. 2505.02(B)(1), "it is still necessary for us to consider Civ.R. 54(B) as one claim and one party have not been dismissed"); *Armatas v. Aultman Health Found.*, 5th Dist. No. 2015CA00225, 2016-Ohio-2715, ¶ 14 (where a plaintiff filed a complaint against two defendants and only one of the defendants filed a Civ.R. 12(B)(6) motion to dismiss, the trial court's judgment granting that defendant's motion to dismiss "does not determine the matter as to all parties," and, having failed to meet the requirements of Civ.R. 54(B), the judgment is not a final appealable order). A trial court's labeling of an entry as a "final appealable order" is not dispositive of the issue where the order does not otherwise satisfy the requirements of R.C. 2505.02 and Civ.R. 54(B). *Internatl. Bhd. of Elec. Workers*, *Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 8 ("[a] court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final"). Although the trial court labeled its order a "final appealable order," the trial court did not comply with Civ.R. 54(B). Thus, because the trial court failed to include the express language of Civ.R. 54(B), the order is not a final appealable order and this court may not review it. *See Estate of Von Endt* at ¶ 10 ("[w]e need not consider whether the judgment entry before us is a final order under R.C. 2505.02 because the lack of Civ.R. 54(B) language is dispositive").

{¶ 15} Because the trial court's November 13, 2023 decision and order granting Miller's motion to dismiss and denying her motion for sanctions was not a final appealable order, we lack jurisdiction to review Hudson's assignments of error and Miller's cross-assignment of error.

**IV. Disposition**

{¶ 16} Based on the foregoing reasons, the decision and order of the Franklin County Court of Common Pleas is not a final appealable order, and this court is without jurisdiction to consider the appeal and cross-appeal. Accordingly, we sua sponte dismiss this appeal.

*Appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.

_____