[Cite as *Watters v. Morrow*, 2025-Ohio-1222.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| SCOTT WATTERS, ET AL | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Andrew J. King, J. |
| Plaintiffs-Appellants | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024 CA 00049 |
| ERIN MORROW, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 2024 CV 00160

JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      April 7, 2025

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

SHANE P. BENSON
36 South Paint Street
Chillicothe, OH 45601

*Popham, J.,*

**{¶1}** Appellants Scott Watters and Powers, LLC, appeal the November 6, 2024, judgment entry of the Fairfield County Court of Common Pleas granting appellee Erin Morrow's motion to dismiss.

*Facts & Procedural History*

**{¶2}** On February 27, 2024, appellants filed a complaint against Erin Morrow and Elm & Associates ("Elm") for breach of contract. Morrow filed a motion to dismiss pursuant to Civil Rule 12(B)(6) because her name was not on the contract and the complaint did not allege any piercing of the corporate veil. The trial court denied the motion and granted appellants' motion to amend the complaint.

**{¶3}** Appellants filed their amended complaint on April 29, 2024. Morrow filed a motion to dismiss the amended complaint on May 7, 2024. Morrow argued that since a breach of contract is not a fraudulent act and the amended complaint does not set forth any fraudulent conduct that would allow the corporate veil to be pierced, the complaint against Morrow should be dismissed pursuant to Civil Rule 12(B)(6).

**{¶4}** The trial court issued a judgment entry on November 6, 2024, entitled "Entry Dismissing Claims against Defendant Erin Morrow." The trial court reasoned the claims against Morrow should be dismissed because there are no factual allegations to support any allegations regarding the piercing of the corporate veil. The trial court concluded, "Plaintiffs' claims against Defendant Erin Morrow are hereby Dismissed." The judgment entry states, "This may be a final appealable order."

**{¶5}** Appellants appeal the November 6, 2024, judgment entry of the Fairfield County Court of Common Pleas and assign the following as error:

{¶6} "I. THE TRIAL COURT ERRED IN ITS NOVEMBER 6, 2024, JUDGMENT ENTRY WHEN IT GRANTED DEFENDANT'S-APPELLEE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM."

{¶7} As a preliminary matter, we address the issue of whether the judgment appealed from is a final, appealable order.

{¶8} If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989).

{¶9} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02 provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶10} Further, to be final and appealable, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both R.C. 2505.02 and Civil Rule 54(B). Civil Rule 54(B) is applicable in this case because the judgment entry of the trial court adjudicates fewer than all the claims of all the parties. Civil Rule 54(B) states as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, an order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶11} Therefore, to qualify as final and appealable, the trial court's order must satisfy Civil Rule 54(B) by including an express determination that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 2007-Ohio-6439. However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 95 (1989); *Armatas v. Aultman Health Found.*, 2016-Ohio-2715 (5th Dist.). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

{¶12} The judgment appealed from does not determine the matter as to all parties. The matter is resolved as to appellee Erin Morrow. However, the claims against Elm, a separately named legal entity in the amended complaint, remain pending. The entry does not contain the required language of Civil Rule 54(B) that "there is no just reason for

delay."  Having failed to meet the requirements of Civil Rule 54(B), we find the judgment appealed from is not a final, appealable order.  Accordingly, this Court has no jurisdiction to hear appellants' appeal.

{¶13}  The order from which appellants have appealed is not a final, appealable order.  Thus, we do not have jurisdiction to consider the assignment of error and must dismiss the appeal.

By Popham, J.,

Hoffman, P.J., and

King, J., concur